UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TODD ALAN FEEMSTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-39 |
| | § | |
| P. CHAPA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PLAINTIFF'S PENDING MOTIONS

Plaintiff Todd Alan Feemster is a Texas inmate appearing *pro se* in this civil rights case. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Stiles Unit in Beaumont, Texas. Pending before the Court are Plaintiff's Motion for Appointment of Counsel (D.E. 39-1), Motion to Stay (D.E. 39-2), Motion for Relief from Order (D.E. 39-3), and Motion for Clerk to Provide Copy to Defendant C. Tupa (D.E. 40).

## I. BACKGROUND

On December 18, 2017, the undersigned issued a Memorandum and Recommendation, recommending that: (1) Plaintiff's deliberate indifference claims to his health and safety be retained against: (a) Warden R. Beard, Jr., Program Supervisor V. Maciel, Correctional Officer T. Salles, and Correctional Officer V. Tijerina in their individual capacities; and (b) Warden R. Beard, Jr. and Program Supervisor V. Maciel in their official capacities for injunctive relief; (2) Plaintiff's deliberate indifference claim to

his serious medical needs be retained against Medical Officer C. Tupa; (3) Plaintiff's ADA/RA claim be retained against the TDCJ; and (4) Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (5) Plaintiff's claims against the remaining Defendants be dismissed for failure to state a claim and/or as frivolous. (D.E. 23). The undersigned, therefore, ordered service on: (1) Warden Beard; (2) Program Supervisor Maciel; (3) Correctional Officer Salles; (4) Correctional Officer Tijerina; (5) Medical Officer Tupa; and (6) the TDCJ. (D.E. 24). Senior United States District Judge Hayden Head overruled Plaintiff's objections and adopted the undersigned's M&R. (D.E. 28, 31).

On February 5, 2018, Medical Officer Tupa filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 36). On the same day, the other remaining Defendants filed their Answer. (D.E. 35). On February 15, 2018, the undersigned issued an Order Setting Deadlines which directed, *inter alia*, that "[a]ny motion to amend pleadings or add parties must be filed on or before Wednesday, February 28, 2018." (D.E. 38).

On March 5, 2018, Plaintiff filed a pleading entitled "Plaintiff's Third Status Change, Second Address Change, Second Stay Request, Second Relief from Order Request, and Third Request for Appointment of Counsel." (D.E. 39). He also filed a motion asking the Clerk of the Court to provide a copy of Docket Entry 39 to Medical Officer Tupa. (D.E. 40).

## II.    DISCUSSION

### A.    Motion for Appointment of Counsel

Plaintiff has filed his third request for court-appointed counsel.  (D.E. 39-1, pp. 3-4).  Plaintiff's motion is **DENIED** for the reasons set forth in the October 18, 2017 Order (D.E. 17), in which the undersigned denied Plaintiff's first motion to appoint counsel. (D.E. 17).  Plaintiff has advanced no reason to cause the undersigned to revisit that decision.  Plaintiff is again instructed that the Court will appoint counsel if the case proceeds to trial or if the appointment of counsel otherwise becomes necessary at a later stage of these proceedings.

### B.    Motion to Stay

At the time Plaintiff filed the instant action, he was incarcerated at the Stevenson Unit in Cuero, Texas.  On December 22, 2017, Plaintiff notified the Court that he had been transferred to the Wallace Pack Unit in Navasota, Texas.  (D.E. 25).  On March 5, 2018, Plaintiff notified the Court about his current assignment to the Stiles Unit.  (D.E. 39, pp. 1-2).  Due to his recent transfer to the Stiles Unit, where he has limited access to its law library, Plaintiff seeks a ninety-day stay in this case for the purposes of: (1) ensuring his Amended Complaint has been accepted by the Court; (2) seeking additional time to supplement his Amended Complaint by adding: (a) ADA/RA claims occurring at the Stevenson Unit in July, 2017; (b) a claim of retaliation by UTMB; and (3) a claim of denial of access to courts on the Wallace Pack Unit.  (D.E. 39, pp. 2-3).

Plaintiff's request for a 90-day stay of this action (D.E. 39-2) is denied as he presents nothing to support such a lengthy stay of this case at this time.  The record

reflects that Plaintiff's Amended Complaint, filed on July 17, 2017 (D.E. 5), already has been accepted by this Court. Plaintiff also seeks time to supplement his amended complaint with additional claims, some of which relate to the claims retained in this case and some of which do not. The Court has received Plaintiff's First Motion Seeking Leave of Court to File Supplemental Pleading (D.E. 41) which will be ruled on by separate order. Plaintiff's motion to stay is **DENIED**.

### C. Motion for Relief from Order

Plaintiff seeks relief from the undersigned's Order Setting Deadlines issued on February 15, 2018. (D.E. 39-3, p. 3). Because he did not receive that Order until February 21, 2018, Plaintiff argues that he cannot comply with the deadlines set forth therein. (D.E. 39, p. 3). The only deadline which has passed is the one directing Plaintiff to file any motion to amend pleadings or add parties on or before February 28, 2018. (D.E. 38). As stated above, the Court has received Plaintiff's motion to file a supplemental pleading. (D.E. 41). The undersigned finds that the remaining deadlines should be terminated until a recommendation is entered on Defendant Christi Tupa's motion to dismiss. (D.E. 36). Plaintiff is granted an extension until **March 27, 2018** to file a response to Defendant Tupa's motion to dismiss. (D.E. 36). The remaining deadlines set in the undersigned's February 15, 2018 order (D.E. 38) for completion of discovery, experts, and dispositive motions are **TERMINATED**. An amended order setting deadlines will be set at a later date.

**D.    Motion for Clerk to Provide Copy to Defendant C. Tupa**

Plaintiff requests that the Clerk of the Court provide a copy of Docket Entry 39, which contains the motions discussed above, to Medical Officer Tupa. (D.E. 40). In the Order for Service of Process entered on December 19, 2017, however, Plaintiff was required to mail a copy of every pleading, motion, or document filed to all counsel of record, and include a certificate of service, stating that he mailed a copy of his pleading to counsel for Defendants. (D.E. 24, ¶ 4).

A review of Plaintiff's certificate of service attached to Docket Entry 39 does not indicate that he mailed a copy of same to counsel for Defendants. (*See* D.E. 39, p. 4). Rather than comply with the December 19, 2017 Order, Plaintiff asks the Court to mail Docket Entry 39 to the appropriate party. On this one occasion, Plaintiff's failure to comply will be overlooked, and his motion (D.E. 40) is **GRANTED**. As instructed below, the Clerk of the Court will forward a copy of Docket Entry 39 to Medical Officer Tupa's counsel. In the future, however, Plaintiff's failure to comply with the December 19, 2017 Order (D.E. 24) and properly mail his pleadings to Defendants' counsel may result in such pleadings being struck from the record without notice.

## III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (D.E. 39-1) and Motion for a 90-day Stay of this Case (D.E. 39-2) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from the February 15, 2018 Order (D.E. 39-3) is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff's motion is **GRANTED** only to the extent that Plaintiff shall have until **March 27, 2018** to file a response to Defendant Tupa's motion to dismiss. The remaining deadlines set in the undersigned's February 15, 2018 order (D.E. 38) for completion of discovery, experts, and dispositive motions are **TERMINATED**. An amended order setting deadlines will be set at a later date.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion for the Clerk to provide a copy of Docket Entry 39 to Medical Officer Tupa (D.E. 40) is **GRANTED** to the extent that **the Clerk of the Court is DIRECTED to transmit a copy of Docket Entry 39 to counsel for Medical Officer Tupa**. Plaintiff is **WARNED**, however, that his failure to comply with the December 19, 2017 Order (D.E. 24) and properly mail his pleadings to Defendants' counsel may result in sanctions being imposed against him, including the striking of such pleadings from the record without notice.

      ORDERED this 13th day of March, 2018.

Jason B. Libby
United States Magistrate Judge