UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TODD ALAN FEEMSTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-39 |
| | § | |
| P. CHAPA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT OR AMEND

Plaintiff Todd Alan Feemster is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Stiles Unit in Beaumont, Texas. Pending before the Court is Plaintiff's First Motion Seeking Leave of the Court to File a Supplemental Pleading. (D.E. 41).

### I. BACKGROUND

The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's assignment to the Stevenson Unit. On June 26, 2017, Plaintiff filed his original complaint, naming the following individuals as defendants in their individual and official capacities: (1) P. Chapa, Region IV Assistant Director; (2) Warden R. Beard, Jr., Warden; (3) F. Merida, Assistant Warden; (4) E. Ruiz, Major; (5) P. Baros, Investigator; (6) V. Maciel, Unit Classification Committee (UCC) Program Supervisor; (7) T. Salles, Correctional Officer; (8) V. Tijerina, Correctional Officer; (9) D. Gloor, Senior Practice Manager; and (10) C. Tupa, Medical Officer. (D.E. 1, pp. 3-7).

On July 17, 2017, Plaintiff filed his amended complaint in which he expanded upon his allegations and claims in this case. (D.E. 5). As part of his amended complaint, Plaintiff added an eleventh defendant in his or her individual and official capacity: John/Jane Doe, the reviewing officer of one of Plaintiff's Step 2 grievances. (D.E. 5, pp. 9-10). Plaintiff seeks declaratory, injunctive, and monetary relief. (D.E. 1, pp. 4, 7; D.E. 5, p. 10).

A *Spears*[1] hearing was conducted on November 9, 2017. Plaintiff alleges in this action that he arrived at the Stevenson Unit on November 15, 2010 and has suffered from: (1) dental issues; (2) numbness in his hands, elbows, and shoulders when performing repetitive tasks; (3) ingrown toenails; and (4) severe abdominal problems. As such, Plaintiff was granted job restrictions in 2012 consisting of no work requiring repetitive use of hands and no work requiring steel toe or safety boots. Despite these job restrictions, Plaintiff was moved from the Garden/Medical Squad to more physically demanding jobs, first on kitchen detail in May 2016, and then to a janitor position two months later. Sometime in 2017, Plaintiff received another job restriction not to lift weights greater than 20 pounds. In connection with his job reassignments at the Stevenson Unit, Plaintiff claims that Defendants: (1) acted with deliberate indifference to his health, safety, and serious medical needs in violation of the Eighth Amendment; and (2) refused to accommodate his disabilities in violation of the Americans with Disabilities

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Act (ADA), 42 U.S.C. § 12112(b)(5)(A), and the Rehabilitation Act (RA), 29 U.S.C. § 794. (D.E. 1, pp. 4-6).

On December 18, 2017, the undersigned issued a Memorandum and Recommendation, recommending that: (1) Plaintiff's deliberate indifference claims to his health and safety be retained against: (a) Warden Beard, Program Supervisor Maciel, Officer Salles, and Officer Tijerina in their individual capacities; and (b) Warden R. Beard, Jr. and Program Supervisor V. Maciel in their official capacities for injunctive relief; (2) Plaintiff's deliberate indifference claim to his serious medical needs be retained against Medical Officer Tupa**;** (3) Plaintiff's ADA/RA claim be retained against the TDCJ; (4) Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (5) Plaintiff's claims against the remaining Defendants be dismissed for failure to state a claim and/or as frivolous. (D.E. 23). Senior United States District Judge Hayden Head subsequently overruled Plaintiff's objections and adopted the undersigned's M&R. (D.E. 28, 31).

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff seeks Court leave to file a supplemental complaint in order to add several additional claims. (D.E. 41). He has attached to his motion a proposed supplemental complaint which details his new claims. (D.E. 41-1).

First, Plaintiff seeks to add ADA/RA and equal protection claims which arose in connection with a prison "shakedown" that occurred on July 12, 2017. (D.E. 41-1, pp. 3-5). Plaintiff alleges that he was denied the use of transportation carts and other assistance

in taking his property to the "shakedown" location in the gym. According to Plaintiff, other inmates were allowed to use carts. Plaintiff subsequently was restricted to his cell and denied access to cold water and ice. Plaintiff seeks monetary relief as to his new ADA/RA and equal protection claims.

Second, Plaintiff seeks to add a retaliation claim. (D.E. 41-1, pp. 5-8). Plaintiff states that he recently received a copy of his TDCJ Health Summary for Classification (HSM-18), dated January 16, 2018, which reflected that his job restriction for "no repetitive use of hands" had been removed. (D.E. 41-1, p. 6). Plaintiff believes that this change was authorized by a UTMB defendant, possibly one originally named in this lawsuit, in retaliation for Plaintiff filing this action. Plaintiff seeks monetary relief.

Lastly, Plaintiff seeks to add a claim that he is being denied access to the courts. (D.E. 41-1, pp. 8-12). Plaintiff's allegations in connection with this claim, however, arose primarily in connection with his assignment to the Wallace Pack Unit, where Plaintiff was reassigned after his stay at the Stevenson Unit. Specifically, Plaintiff alleges that he was denied legal supplies, such as paper, at the Wallace Pack Unit. He further complains that his placement in segregation at the Stiles Unit, where he is now housed, also denied him proper access to the courts. Plaintiff seeks nominal damages and injunctive relief.

The undersigned must first consider whether Plaintiff's motion should be construed as a motion to amend or a motion to supplement his pleadings. Rule 15(a) of the Federal Rule of Civil Procedure provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading

only with the opposing party's written consent or the court's leave" [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when "justice so requires" rests within the sound discretion of a district court. *See Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne,* 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading,* 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp., et al.,* 3 F.3d 137, 139 (5th Cir. 1993).

Rule 15(d), on the other hand, provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Fifth Circuit has indicated that the same factors that shape a Rule 15(a) motion to amend inquiry also apply to a Rule 15(d) motion. *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007 (1983). "Leave to supplement should not be granted where a plaintiff attempts to present 'new and

different cause[s] of action.'" *Garcia v. Hackman*, No. C-10-311, 2011 WL 2457918, at *19 (S.D. Tex. Jun. 16, 2011(quoting *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964)).

Plaintiff filed his original complaint on June 26, 2017 (D.E. 1), and his amended complaint on July 17, 2017 (D.E. 5). Plaintiff's claims related to the prison "shakedown" allegedly occurred on July 12, 2017, before he submitted his amended complaint. All other new claims sought to be added by Plaintiff occurred after he filed his amended complaint. Nevertheless, regardless whether Plaintiff's motion is evaluated under Rule 15(a) or Rule 15(d), his motion should be denied in its entirety.

Plaintiff seeks to present new and different causes of actions in his current motion. As such, leave to supplement under Rule 15(d) is denied. *See Garcia*, 2011 WL 2457918, at *19. Furthermore, substantial reasons exist to deny Plaintiff's motion to the extent it is construed as a Rule 15(a) motion to amend. Plaintiff's new proposed claims involving the prison "shakedown" and denial of access to courts are wholly unrelated to the claims raised in his original and amended complaints. Furthermore, his new proposed retaliation claim arose after the filing of his amended complaint, and he has not clearly identified any defendants responsible for the purported retaliation.

Plaintiff has not shown that any of his new proposed claims involve the same defendants named in this case or are closely related to the claims in his original and amended complaints. While his motion to add these claims is denied, he may seek to pursue each of his new proposed claims in separate causes of action filed in the

appropriate jurisdiction.[2] *See Dean v. Brandon,* No. 97–6201, 162 F.3d 1161, at *1 (6th Cir. Aug. 13, 1998) (holding that district court did not abuse its discretion to deny motion for leave to amend complaint "because [inmate-plaintiff] Dean's proposed claims were simply not related to his original claims") (citing *Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir. 1997)); *Sturdevant v. Haferman,* 798 F. Supp. 536, 541 (E.D. Wis. 1992) (denying prisoner's motion to amend complaint where the claims he sought to add were substantially unrelated to the claims already amended).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion, construed as either a Rule 15(a) motion to amend or a Rule 15(d) motion to supplement (D.E. 41), is **DENIED without prejudice.** Plaintiff may pursue each these claims by filing separate actions in the appropriate jurisdiction.

ORDERED this 13th day of March, 2018.

_____
Jason B. Libby
United States Magistrate Judge

---

[2] For example, to the extent that Plaintiff seeks to advance claims relating to his confinement at both the Wallace Pack Unit and Stiles Unit, Plaintiff must file separate civil rights complaints in the district court where each prison is located.